# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00235-CR

**Ruben Lozano Borrego, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT OF IRION COUNTY
### NO. CR01-2886, HONORABLE SID J. MABRY, JUDGE PRESIDING

After the county court denied his motion to suppress evidence, Ruben Lozano Borrego pleaded guilty to the offense of driving while intoxicated, second offense, and was sentenced to ninety days in jail and a $500 fine, probated for eighteen months. *See* Tex. Penal Code Ann. §§ 49.04, 49.09 (West Supp. 2002). The county court permitted Borrego to bring this appeal in which he asserts that the county court erred by denying his motion to suppress evidence. We will affirm the county court's denial of the motion to suppress.

The only testimony at the hearing on the motion to suppress came from the arresting officer, Irion County Deputy Sheriff Rob Reagan. He testified that he was "working radar" driving eastbound on United States Highway 67. He met a car that was travelling westbound at between fifty and fifty-five miles per hour. Very shortly thereafter, Reagan reached the county line, the end of his jurisdiction, and turned around. He noticed that the westbound car, now in front of him, eased over

onto the shoulder and eventually came to a stop in a bar ditch. Though Reagan had noticed no illegal driving, he pulled off the road behind the stopped car to check on the welfare of the driver; he said he was concerned that the car might have a flat tire, engine problems, or no gas or that the driver might be suffering a health problem.

Reagan said that before he got completely out of his patrol car, the driver stepped out of his vehicle and walked back toward the patrol car. Reagan noticed an extremely strong odor of alcohol. He asked the driver, Borrego, if he needed help. Borrego replied that he stopped in order to shut the passenger door completely and to stretch his legs. Regan noted that Borrego's speech was somewhat slow and slurred, that Borrego's breath was the source of the alcohol odor, and that Borrego was unsteady on his feet. Reagan said that these factors indicated intoxication and that he considered his subsequent actions part of a criminal investigation.

Reagan asked Borrego for identification and asked if he had had anything to drink. Borrego replied that he had consumed about a twelve-pack. Reagan arrested Borrego.

Borrego moved to suppress all evidence seized as a result of the seizure and arrest. He contended that the stop which led to the arrest was not within the community-caretaking exception. *See Cady v. Dombrowski*, 413 U.S. 433, 441 (1973); *Wright v. State*, 7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999) (listing four nonexhaustive factors gauging reasonableness of caretaking stop). He contends that a caretaking stop was not supported because he did not exhibit distress, was on a well-traveled highway, did not need assistance, and did not present a danger to himself or others at the time Reagan stopped him. *See id.* at 152.

2

The court denied the motion to suppress. Borrego pleaded guilty, but appeals the denial of his motion to suppress.

On appeal, Borrego contends that the State failed to carry its burden to prove that its warrantless arrest of him was legal. *See Russell v. State*, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986). He maintains that, because his arrest was not made within the community-caretaking or any other exception, any evidence was obtained pursuant to an illegal arrest and was not admissible.

Not every encounter between a civilian and a police officer is of constitutional dimension. A police officer may approach a person without probable cause or reasonable suspicion to ask questions or even to request a search. *See Florida v. Royer*, 460 U.S. 491, 497-98, (1983); *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); *Armstrong v. State*, 966 S.W.2d 150, 152 (Tex. App.—Austin 1998, no pet.). So long as the person remains free to disregard the officer's questions and go about his business, the encounter is consensual and merits no further constitutional analysis. *See Johnson*, 912 S.W.2d at 235 (citing *California v. Hodari D.*, 499 U.S. 621, 628, (1991)); *State v. Shamsie*, 940 S.W.2d 223, 225 (Tex. App.—Austin 1997, no pet.). The Fourth Amendment and article one, section nine are invoked only when the encounter rises to the level of a seizure. Under both the federal and state constitutions, a person is seized when he yields to an officer's show of authority under circumstances in which a reasonable person would believe he is not free to leave. *See Johnson*, 912 S.W.2d at 236; *Shamsie*, 940 S.W.2d at 225.

The only evidence shows that the initial encounter between Borrego and Reagan was not an officer-initiated stop. Borrego stopped of his own volition, and then Reagan pulled in behind him. The community-caretaking factors are inapplicable because Reagan did not stop Borrego. *See*

3

*Wright*, 7 S.W.3d at 150. Because Reagan specifically denied having any suspicions of criminal activity before he got out of his car, the encounter only gained constitutional dimensions when Borrego exhibited signs of intoxication, which occurred before Reagan was completely out of his patrol car. After that, Borrego's exhibition of classic and numerous signs of intoxication justified Reagan's investigation and arrest of Borrego. We resolve the sole issue presented in favor of the denial of the motion to suppress.

We affirm the judgment of conviction.

_____

—

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 22, 2002

Do Not Publish